IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DOLORES A. SORNA,** § § § *Plaintiff*, § § **v.** § § **FINANCE OF AMERICA REVERSE LLC,** § **MORTGAGE SERVICER OF FINANCE** § **OF AMERICA REVERSE LLC,** § § *Defendant.* § § | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Finance of America Reverse LLC ("Defendant") removes this action from the 284th Judicial District Court of Montgomery County, Texas to the United States District Court for the Southern District of Texas, Houston Division, as follows:

### I.   STATE COURT ACTION

1. On December 3, 2018, Dolores A. Sorna ("Plaintiff") filed *Plaintiff's Original Verified Petition* (the "Petition") in the 284th Judicial District Court in Montgomery County, Texas, styled: *Dolores A. Sorna v. Finance of America Reverse LLC, Mortgage Servicer of Finance of America Reverse LLC,* Cause No. 18-12-15860 (the "State Court Action").

2. In the State Court Action, Plaintiff seeks to preclude the foreclosure sale of the real property located at 6921 Gentle Breeze Drive, Willis, Texas 77318 (the "Property"). Plaintiff alleges that Defendant failed to record an assignment and failed to send a notice of default. She asserts causes of action for common law fraud, violation of the Real Estate Settlement Procedures Act ("RESPA") and Regulation X promulgated thereunder, and violation

of the Texas Debt Collection Act.  Plaintiff seeks actual damages, exemplary damages, and attorney's fees.

3. Upon information and belief, Defendant has not yet been served.  However, even if Defendant has been served, not more than 30 days have passed since service because the citation was issued on January 28, 2019.  *See* Ex. D (State Court Docket Sheet).  Therefore, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B).

4. Defendant removes the State Court Action to this Court on the basis of federal question jurisdiction.

## II.   PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, as the lawsuit is pending within the district and division.  *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

6. The United States District Court for the Southern District of Texas, Houston Division, has original jurisdiction over this action based federal question jurisdiction because the Petition asserts claims arising under federal law.

7. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | State Court docket sheet |
| **Exhibit D-1** | Petition |
| **Exhibit D-2** | Defendant's Original Answer |

8. In connection with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the 284th Judicial District Court of Montgomery County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.   FEDERAL QUESTION JURISDICTION

9. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

10. Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441 because it arises under the laws of the United States. Specifically, in the Petition, Plaintiff alleges violation of a federal statute — RESPA, 12 U.S.C. § 2601, *et seq*. *See* Ex. D-1 (Petition) ¶¶ 23-26. Section 2614 of RESPA provides this Court with original jurisdiction over RESPA claims. *See* 12 U.S.C. § 2614. As such, Plaintiff's RESPA claim gives rise to federal question jurisdiction. *See Juarez v. BAC Home Loans Servicing, L.P.*, Civil Action No. 3:12–CV–2480–B, 2012 WL 5364692 (N.D. Tex. Oct. 31, 2012, at *2 ("Because Juarez initially brought claims based on a federal question under 12 U.S.C. § 2605 (RESPA), this Court maintains federal

question jurisdiction."). Plaintiff's right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction.

## IV. SUPPLEMENTAL JURISDICTION

11. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

12. It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id*. at 806. Here, Plaintiff's state law claims share a common nucleus of operative facts with her federal claims in that Plaintiff's claims are all based on the same alleged wrongful conduct relating to the servicing of the loan and foreclosure of the Property. *See generally* Petition (Ex. D-1). Therefore, supplemental federal jurisdiction exists over Plaintiff's state law claims.

## V. CONCLUSION

WHEREFORE, Defendant Finance of America Reverse LLC removes this action from the 284th Judicial District Court of Montgomery County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**LOCKE LORD LLP**

/s/ *Sahar H. Shirazi*
**Matthew H. Davis (Attorney-in-Charge)**
S.D. Bar No. 1124612
State Bar No. 24069580
mdavis@lockelord.com
**Thomas G. Yoxall**
S.D. Bar No. 16664
State Bar No. 00785304
tyoxall@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**Sahar H. Shirazi**
sahar.shirazi@lockelord.com
S.D. Bar No. 2149563
State Bar No. 24085809
2800 JP Morgan Chase Tower
600 Travis Street
Houston, Texas 77002
(713) 226-1200
(713) 223-3717 (facsimile)

**COUNSEL FOR DEFENDANT**
**FINANCE OF AMERICA REVERSE LLC**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing instrument was served upon the following via CMRRR pursuant to the Federal Rules of Civil Procedure on February 27, 2019.

John G. Helstowski
J. Gannon Helstowski Law Firm
13601 Preston Road, Suite E920
Dallas, Texas 75240
Fax: 817-382-1799
jgh@jghfirm.com
*Counsel for Plaintiff*

            /s/ *Sahar H. Shirazi*
            Sahar H. Shirazi